*1331 The opinion of the court was delivered by
Breaux, J.
The intent of the Council of the city of New Orleans, as expressed in an ordinance adopted in 1880, authorizing the administrator of commerce to order the removal of produce and goods from the wharves and levees forty-eight hours after the receipt or discharge of the cargo, is before us for interpretation and construction.
After notice by that officer to the owners or consignees, if they failed to comply with the order, the language of the ordinance is: "The administrator of commerce shall take possession” of the goods and wares and store them at the expense of the owner.
In the second section of the ordinance it is provided, substantially: If the name of the owner of the property is not disclosed, the officer is authorized to dispense with the notice prior to removal.
The duties of the administrator of commerce are imposed on the commissioner of public works under the city charter of 1882. The latter is the successor with authority in the premises.
The relator, as lessee, whose term of lease dates from May, 1891, complains of the failure of the commissioner ef public works and of the Mayor to enforce that ordinance, and brings this action for an alternative writ of mandamus to compel the former, the Mayor, to bring about the enforcement of the ordinance, and the latter, the commissioner, to perform the duty imposed upon him to issue needful notices to the owners, shippers or representatives of goods, wares and merchandise, and to use the means provided by the ordinance to enforce observance by owners and others interested. The respondents urge in their defence that the functions of the Mayor and commissioner of public works are defined, and that upon the failure of the latter to perform his duty he can be held upon his bond.
They controvert the allegations of plaintiff and pray that the mandamus be refused.
The vice president and general manager of the plaintiff corporation testified as to the condition on the wharves and as to demands for the enforcement of the ordinance.
Contra: the commission testified for respondents and denied the charge of negligence.
The testimony of these two witnesses was the only testimony heard *1332 save certain ordinances of the council, germane to the issue introduced in evidence, and the contract of lease between relator and the city, and a correspondence between the former and the mayor and commissioner, running through a number of months, in which are portrayed the grievances of the relator, and the varied disagreements and differences between the relator and the respondent.
From a judgment dismissing the provisional writ and refusing to grant the application, relator prosecutes this appeal.
A duty is imposed upon the commissioner of streets to require that all products and goods landed on the wharves be laid as near as possible to the paved part of the levee, approaching the street.
The ordinance is equally as positive regarding obstructions and encumbrances on the bank of the river.
The commissioner is given full power to enforce the provision of the ordinance. If, in order to carry out the provision of the ordinance, it becomes Deeessary to order the removal of the produce,, goods and wares, after the forty-eight hours in question, he is vested with authority to act.
The ordinance in regard to this authority — i. e., to remove the goods after forty-eight hours — is not expressed in mandatory terms.
“Duty” and “shall” are the words used and applied; except as to the preliminary order to remove. Here the commissioner is not commanded, but he is “authorized.” If necessary to accomplish the purpose of the ordinance, he may require the immediate removal after the time specified in the ordinance. '
The law affects large public interests and it requires, as a condition precedent to the removal of all goods and produce to warehouses, that some discretion should be exercised.
He “ may,” but no provision has been made that he “shall” order the removal of the goods and produce (after forty-eight hours).
The dictates of reason and the suggestion of experience do not support the strict construction placed by the relator upon its contract of lease regarding the forty-hour clause of the ordinance, adopted many years prior to his lease, and the enforcement of which clause was attempted only once we are informed, many years ago.
It was surely not within the contemplation of the council to have pronounced offending goods all goods on the wharves forty-eight hours after the landing and discharge without regard to the necessity *1333 of clearing the wharves or the advisability of extending the time of removal.
It would follow, if the authority given to the commissioner to order the removal was mandatory, that all produce, goods and wares would have to be hauled away and stored immediately after the two days in question.
Whether the removal is necessary or not, not an article of any kind would be permitted to remain on the levee. We do not think that such is the sense of the ordinance.
We do not understand that the respondents absolutely refuse to act and decline altogether to enforce the ordinance.
If they are negligent or if they misconstrue the terms and conditions of the lease, it is not the purpose of the writ to redress special acts of negligence or to have disputed clauses interpreted, save that relating to the removal of goods after forty-eight hours. This clause only is invoked as a remedy.
The first section of the ordinance is taken by the relator as imposing an imperative duty on the officer named, under the “ authority” of the ordinance with which he is entrusted. This is the extent of the relief asked, and which we must decline to grant.
This being the case, we are not called upon to pass upon questions regarding obstructions on the wharves and the removal of goods which may have remained on the wharves un unreasonable length of time. Such is not the issue.
The officer is vested with certain discretion, not to unnecessarily haul away and store goods in warehouses at the risk and expense of. the owners.
It does not follow that he can overstep the bounds of his authority.
If he does, there is ample remedy without divesting him of discretionary authority to be exercised in the interest of commerce.
The judgment appealed from is therefore affirmed.